UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY MICHELLE FRANCHIA,<br>    Plaintiff(s),<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant(s). | Case No.: 2:20-cv-01244-NJK<br><br>**ORDER**<br><br>(Docket No. 1) |

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, Docket No. 1, and has submitted a complaint, Docket No. 1-1.

**I.**     ***In Forma Pauperis* Application**

Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

When a party seeks permission to pursue a civil case *in forma papueris*, courts will screen the complaint pursuant to federal statute. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this District have outlined some of the basic requirements for complaints to satisfy the Court's screening. First, the plaintiff must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination

made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, Graves v. Colvin, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).

The Court finds that Plaintiff does not plead all of these elements. She properly pleads the first, second, and fourth elements. However, she does not plead when she claims to have become disabled; her complaint provides only that, due to her impairments, she applied for Disability Insurance Benefits and Supplemental Security Income on August 17, 2016. Docket No. 1-1 at 2. Thus, Plaintiff's complaint does not satisfy the Court's screening.

**III.   Conclusion**

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. Docket No. 1. At this time, Plaintiff shall not be required to prepay the filing fee.

2. Plaintiff may maintain this action to conclusion without the need for prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The complaint is **DISMISSED** with leave to amend. Docket No. 1-1. Plaintiff will have until July 21, 2020, to file an amended complaint, if she believes that the noted deficiency can be corrected.

IT IS SO ORDERED.

Dated: July 7, 2020

                                              Nancy J. Koppe
                                              United States Magistrate Judge