UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY MICHELLE FRANCHIA,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 2:20-cv-01244-NJK<br><br>**ORDER**<br><br>[Docket No. 33] |

      Pending before the Court is the parties' stipulation for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  Docket No. 33.

      Under the EAJA, reasonable attorneys' fees "shall be based upon prevailing market rates of the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005).  Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).  Courts have "substantial discretion in fixing the amount of an EAJA award." *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990). Whether to provide a cost-of-living adjustment for the hourly rate is not automatic. *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989).  Whether to adjust the hourly rate to compensate for inflation is a matter entrusted to the Court's discretion. *Sorenson v. Mink*, 239 F.3d 1140, 1148–49 (9th Cir. 2001) ("District courts *may* adjust that fee to compensate for an increase in the cost of living") (emphasis added); *see also Jawad v. Barnhart*,

370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005).  The movant bears the burden of establishing a sufficient basis for such an enhancement.  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Here, the parties stipulate to an award of $6,450 in attorneys' fees and costs.  Docket No. 33 at 2.  However, the parties fail to include supporting documentation and discussion as to the reasonableness of the fees sought or the time expended.  Therefore, the Court is unable to determine whether the requested amount is reasonable, which it has an independent obligation to do.  *See Douzat v. Saul*, 2020 WL 3408706, at * 1 (D. Nev. June 11, 2020).

Accordingly, the parties' stipulation is hereby **DENIED** without prejudice.  Docket No. 33.

IT IS SO ORDERED.

Dated: August 23, 2021

_____
Nancy J. Koppe
United States Magistrate Judge