UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY MICHELLE FRANCHIA,<br><br>          Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. 2:20-cv-01244-NJK<br><br>**ORDER**<br><br>[Docket No. 43] |

Pending before the Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). Docket No. 43. The Commissioner filed a response taking no position on the reasonableness of the fee request. Docket No. 44. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.

**I.    BACKGROUND**

This is an action for judicial review of the denial of social security benefits. The Court granted the Commissioner's unopposed motion for remand. Docket No. 30. On remand, Plaintiff obtained relief that included an award of $67,848 in retroactive benefits.[1] Docket No. 43-1 at 2; *see also* Docket No. 43-4 at 3-8 (Notice of Award).

The parties are now before the Court on Plaintiff's request for $10,962 in attorneys' fees.

**II.   STANDARDS**

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow

---

[1] Plaintiff submits that the past-due benefits recovered equal $67,484. Docket No. 43-1 at 2 ¶ 4. However, the record indicates that the amount recovered is actually $67,848. Docket No. 43-3 at 3-4; *see also* Docket No. 43-1 at 2 ¶ 5 (noting that "[o]ne-fourth of past-due benefits are $16,962," which requires the recovered benefits equal $67,848). To the extent this discrepancy in Plaintiff's fee request affects its analysis, the Court will consider the recovered benefits to be $67,848.

as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and his attorney. *See, e.g.*, *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court also has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue,* 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorneys' fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

To determine whether the contingency fee is unreasonable, the Court may require the attorney to provide a statement of the number of hours worked on the case, and the attorney's regular hourly rate. *Crawford,* 586 F.3d at 1148. Nonetheless, the Court is mindful that the question is whether the amount under the agreement should be reduced, not whether the lodestar should be enhanced. *Id.* at 1149. "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148.

**III.   ANALYSIS**

Here, Plaintiff seeks $10,962 in attorneys' fees. Docket No 43-1 at 3. That request is predicated on the fee agreement signed by Plaintiff providing that her attorney "has the right to ask the court to award 25% of [her] past-due benefits [] for representing [her] in federal court." Docket No. 43-3 at 2.

The Court finds that a sufficient showing has been made to support the requested fees. First, the record does not reflect substandard representation or dilatory conduct by counsel in order to increase the accrued amount of past-due benefits. Indeed, the record reflects that Plaintiff's

counsel was able to obtain a favorable result for her with less motion practice than would normally be required. *See* Docket. Second, the final requested award is not excessive considering the time expended in this case. The papers indicate that 36.2 hours were expended on this matter, 29.5 of which were by an attorney and 6.7 of which were by a paralegal. *See* Docket No. 43-1 at 3. Plaintiff requests that the paralegal hours be billed at $100 per hour. *Id.* Deducting these hours billed at that rate from the requested fees results in a rate of $348.88 for the attorney hours. *Id.* The requested rate is consistent with rates that have been approved in this District in other Social Security cases. Third, Plaintiff seeks less than the full amount authorized by the fee agreement. The fees requested represent a recovery of 16.2% rather than the full 25%.[2] In light of these considerations, the Court will approve the requested amount of attorneys' fees.

## IV.  CONCLUSION

Accordingly, Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**. A fee award in the amount of $10,962 is to be paid to Plaintiff's counsel from the sums held by the Commissioner from Plaintiff's past-due benefits.

IT IS SO ORDERED

Dated: October 17, 2022

Nancy J. Koppe
United States Magistrate Judge

---

[2]  Plaintiff notes that her hearing level representative's fee agreement was approved, resulting in an award of $6,000. Docket No. 43-1 at 4. Deducting that amount from the $16,962 retained by the Commissioner leaves $10,962, the amount of fees requested here. Fees awarded for representation before the Commissioner are awarded pursuant to 42 U.S.C. § 406(a). Fees awarded for representation in federal court are awarded to pursuant to 42 U.S.C. § 406(b). §406(b)'s cap on attorneys' fees of 25% of past-due benefits recovered does not apply to §406(a), and the combined §406(a) and §406(b) fees need not comply with the 25% limit. *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008). Accordingly, Plaintiff was entitled to request the full $16,962 retained by the Commissioner, but chose not to do so.